**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| OLIVIA OLIVAREZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 5:19-CV-01250-XR |
| | § | |
| CONSTELLATION BRANDS, INC., | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

Defendant, Constellation Brands, Inc. ("Defendant"), by its undersigned counsel, and for its Answer and Affirmative Defenses to Plaintiff's Original Complaint and Jury Demand, states as follows:

1.      Defendant admits that Plaintiff is a natural person.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1.

2.      Defendant admits that it is a New York for-profit corporation doing business in San Antonio, Texas, which is in the Western District of Texas, San Antonio Division, and that Plaintiff issued a request for waiver of summons.  Defendant denies the remaining allegations contained in Paragraph 2.

3.      Defendant admits the allegations contained in Paragraph 3.

4.      Defendant admits the allegations contained in Paragraph 4.

5.      Defendant admits that venue is proper in the Western District of Texas, San Antonio Division and that Defendant conducts business within this Division.  Defendant denies the remaining allegations contained in Paragraph 5.

6.      Defendant denies the allegations contained in Paragraph 6.

7.      Defendant admits the allegations contained in Paragraph 7 but Defendant denies any violations of Federal Statute and/or State law.

8.      Defendant admits that Plaintiff has demanded trial by jury but Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 8 as to payment.

9.      Defendant denies the allegations contained in Paragraph 9.

10.     Defendant admits that Title VII of the Civil Rights Act of 1964 states, in relevant part:

It shall be an unlawful employment practice for an employer -

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

*   *   *

Notwithstanding any other provision of this subchapter, (1) it shall not be an unlawful employment practice for an employer to hire and employ employees … on the basis of his religion, sex, or national origin in those certain instances where religion, sex, or national origin is a bona fide occupational qualification reasonably necessary to the normal operation of that particular business or enterprise….

*   *   *

[T]o discriminate against any of his employees … because he has opposed any employment practice made an unlawful employment practice in this subchapter…

Defendant admits further that Defendant's policies are consistent with the foregoing, and that Maria Brozost was Plaintiff's former manager.   Defendant denies the remaining allegations

contained in Paragraph 10.

11.     Defendant admits that Defendant hired Plaintiff in December 2014 into the title of IT Business Operations Process Manager.  Defendant denies the remaining allegations contained in Paragraph 11.

12.     Defendant admits the allegations contained in Paragraph 12.

13.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning assignments to male employees because Plaintiff does not identify the male employees, and Defendant denies the remaining allegations contained in Paragraph 13.

14.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph because Plaintiff does not identify the male counterparts to whom she is referring.

15.     Defendant denies the allegations contained in Paragraph 15.

16.     Defendant denies the allegations contained in Paragraph 16.

17.     Defendant admits that Ms. Brozost regularly coached Plaintiff regarding her performance and her interactions with colleagues and vendors but Defendant denies the remaining allegations contained in Paragraph 17.

18.     Defendant denies the allegations contained in Paragraph 18.

19.     Defendant admits that in July 2017, Plaintiff complained to Brozost regarding assignments that had been given to three individuals, but denies that Plaintiff complained of sex discrimination and instead Plaintiff referred to "favoritism."  Defendant denies the allegations contained in Paragraph 19 that Brozost asserted it was her prerogative to assign tasks to whichever employees she chose.  Defendant lacks knowledge or information sufficient to form a belief as to the allegations that Brozost told she sounded like "an alarmist".

20.     Defendant admits that throughout 2017 and 2018, Plaintiff frequently traveled to Mexico for company business on flights chartered by Defendant but denies the remaining allegations contained in Paragraph 20.

21.     Defendant denies the allegations contained in Paragraph 21.

22.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22.

23.     Defendant denies the allegations contained in Paragraph 23.

24.     Defendant admits that on or about August 2017, Plaintiff reported Human Resources Manager Michele Yarton, by phone, that a Lundren, a contracted pilot, had made comments about Mexicans that Plaintiff found to be rude, and Defendant denies the remaining allegations contained in Paragraph 24.

25.     Defendant denies the allegations contained in Paragraph 25.

26.     Defendant denies the allegation that Brozost had not previously known that Plaintiff held herself out as gay but lacks knowledge or information sufficient to form a belief as to the truth of the allegations that on or about August 2017, Ms. Olivarez casually remarked to Brozost that she had proposed to her girlfriend, another woman.

27.     Defendant denies the allegations contained in Paragraph 27.

28.     Defendant denies the allegations contained in Paragraph 28 but admits that as part of Brozost's efforts to help Plaintiff improve her performance and her qualifications, Brozost arranged for Plaintiff to receive job coaching from two senior executives, who happened to be male.

29.     Defendant denies the allegations contained in Paragraph 29.

30.     Defendant denies the allegations contained in Paragraph 30.

31.     Defendant admits the allegations contained in Paragraph 31 but denies that any action/inaction was taken "despite" any of Plaintiff's qualifications, and Defendant states further that Plaintiff had been warned for almost a year that her position was likely to be eliminated in a restructuring and that Plaintiff needed to seek other positions within the Company prior to that, and that Brozost sought to assist Plaintiff in finding another position by making introductions for her and by arranging training opportunities to expand Plaintiff's qualifications.

32.     Defendant denies the allegations contained in Paragraph 32.

33.     Defendant admits that prior to Plaintiff's termination, Plaintiff was an employee of Defendant and performed duties.  Defendant denies the remaining allegations contained in Paragraph 33.

34.     Defendant denies the allegations contained in Paragraph 34.

35.     Defendant denies the allegations contained in Paragraph 35.

36.     Defendant admits that Plaintiff was terminated from her employment and that she is Hispanic and female and that she was qualified for the position she held prior to the elimination of her position.  Defendant denies the remaining allegations contained in Paragraph 36.

37.     Defendant admits that Plaintiff was terminated from her employment and that this was an adverse employment action, but Defendant denies the remaining allegations contained in Paragraph 37.

38.     Defendant admits that prior to Plaintiff's termination, Plaintiff was an employee of Defendant and performed duties.  Defendant denies the remaining allegations contained in Paragraph 38.

39.     Defendant denies the allegations contained in Paragraph 39.

40.     Defendant denies the allegations contained in Paragraph 40.

41.     Defendant denies the allegations contained in Paragraph 41.

42.     Defendant denies the allegations contained in Paragraph 42.

43.     Defendant denies the allegations contained in Paragraph 43.

44.     Defendant denies the allegations contained in Paragraph 44.

45.     Defendant denies the allegations contained in Paragraph 45.

46.     Defendant denies the allegations contained in Paragraph 46.

47.     Defendant admits that Plaintiff filed a Charge of Discrimination, Charge No. 451-2019-01863, with the EEOC, and that Plaintiff received Dismissal and Notice of Rights from the EEOC, which stated, "You may file a lawsuit against respondent(s) under federal law based on this charge in federal or state court."  Defendant further admits that Plaintiff timely filed her lawsuit.  Defendant denies the remaining allegations contained in Paragraph 47.

48.     Defendant admits that 180 days have passed since Plaintiff's filed her Charge of Discrimination, Charge No. 451-2019-01863, but denies the remaining allegations contained in Paragraph 48.

49.     Defendant admits that Plaintiff is seeking all reasonable and necessary attorneys' fees authorized under Title VII and the Texas Labor Code but denies any suggestion that Plaintiff is entitled to such fees.  Defendant denies the remaining allegations contained in Paragraph 49.

## AFFIRMATIVE AND OTHER DEFENSES

1.     Plaintiff is obligated to mitigate her alleged damages with respect to her claim for monetary relief.  Those claims should be barred or, in the alternative, reduced if Plaintiff has failed to mitigate her damages.

2.     With respect to Plaintiff's claims for monetary relief, Defendant is entitled to a set-off from any liability for sums earned by Plaintiff after the termination of her employment with Defendant.

3.    Plaintiff is not entitled to recover punitive or exemplary damages under Title VII because Defendant cannot be vicariously liable for alleged discriminatory employment decisions of its agents since those decisions, if any, were contrary to Defendant's good-faith efforts to comply with Title VII.  29 U.S.C. 1981(a)(1) & (b)(1).

WHEREFORE, Defendant, Constellation Brands, Inc., respectfully requests that this Honorable Court enter an Order dismissing the Complaint, in its entirety, and with prejudice, or otherwise grant judgment in favor of Defendant and against Plaintiff, and that Defendant be granted its costs and fees and such further and additional relief as the Court deems just and proper.

Dated:  December 27, 2019                    CONSTELLATION BRANDS, INC.


By:    /s/Jeffrey S. Fowler
       Jeffrey S. Fowler
       Laner Muchin, Ltd.
       515 North State Street, Suite 2800
       Chicago, Illinois  606054
       312/467-9800 (Ofc)
       312/494-5360 (Direct)
       312/467-9800 (Fax)
       jfowler@lanermuchin.com

       Richard G. Garza
       State Bar No. 07737200
       JACKSON WALKER L.L.P.
       112 E. Pecan, Suite 2400
       San Antonio, TX  78205
       210/978-7734 (Direct)
       210/242-4606 (Fax)

CERTIFICATE OF SERVICE

I, Jeffrey S. Fowler, an attorney, hereby certifies that on December 27, 2019, I caused a copy of the foregoing **Answer and Affirmative Defenses to Plaintiff's Original Complaint and Jury Demand**, in the above-captioned matter to be filed with the Clerk of the District Court and served on the parties of record, including those listed below, by operation of the Court's CM/ECF electronic filing system, addressed to:

> Adam Poncio
> Alan Braun
> Lorna R. Griffin
> Poncio Law Offices
> 5410 Fredericksburg Road
> Suite 109
> San Antonio, Texas 78229-3550
> (210) 212-7979

/s/ Jeffrey S. Fowler
Jeffrey S. Fowler