IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

OLIVIA OLIVAREZ,
    *Plaintiff*

-vs-

CONSTELLATION BRANDS, INC.,
    *Defendant*

§
§
§
§
§
§
§
§
§
§

SA-19-CV-01250-XR

## ORDER

On this date, the Court considered Defendant's motion for summary judgment (ECF No. 25), Plaintiff's response (ECF No. 31), and Defendant's reply (ECF No. 33). After careful consideration, the motion for summary judgment is **GRANTED**.

## BACKGROUND

This case arises out of Plaintiff Olivia Olivarez's termination from her employment with Defendant Constellation Brands, Inc. in March 2019. Plaintiff alleges that she suffered both discrimination on the basis of her sex, race, and ethnicity and retaliation for engaging in protected activities in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* ("Title VII") and Chapter 21 of the Texas Labor Code, *et seq.*[1].

Plaintiff was hired by Defendant Constellation Brands, Inc. in December 2014 as an Information Technology Business Operations Process Manager. She alleges that beginning in approximately December 2016, Defendant began a pattern and practice of bypassing her for assignments and projects. Specifically, she alleges that her supervisor began replacing her as a project manager and began to assign projects to less qualified male employees.

---

[1]    Discrimination claims under Title VII and Chapter 21 of the Texas Labor Code (also known as the Texas Commission on Human Rights Act or "TCHRA") are both subject to the same burden-shifting framework and will be analyzed together in this order. *See Horvath v. City of Leander*, 946 F.3d 787, 791 (5th Cir. 2020), as revised (Jan. 13, 2020).

Plaintiff asserts that in early 2017, she lodged a complaint of sex discrimination to her supervisor and no actions were taken to resolve her complaint. After complaining to her supervisor for a second time in March 2017, she alleges that she was scolded for being "too aggressive." Plaintiff alleges that she again complained of sex discrimination to her supervisor in May 2017 and July 2017, to no avail. She further alleges that in August 2017, she informed her supervisor that she had become engaged to another woman, and that, thereafter, "Defendant"—presumably her supervisor—"began canceling one-in-one meetings" with her. ECF No. 1 at 5. Regarding her allegations of race/national origin discrimination, Plaintiff asserts that throughout 2017 and 2018, she travelled on chartered flights to Mexico for company business, and that the contract pilot made derogatory statements about "Mexicans" during those trips.[2]

Plaintiff alleges that in August of 2017, she complained of race and sex discrimination via email to Michele Yarton, the Human Resources manager. Plaintiff alleges that she was subjected to a hostile work environment because her complaints of discrimination were ignored and she was excluded from projects and overlooked for promotions, and because the contract pilot was allowed to make racially motivated comments.

On March 4, 2019, Plaintiff was informed her position had been eliminated, no other suitable positions were available, and her employment terminated. She now brings these claims of discrimination and a claim of retaliation under Title VII of the Civil Rights Act and Texas Labor Code section 21, *et seq.*

---

[2]    Defendant is engaged in the business of producing and importing wine, beer and spirits and has a facility in San Antonio, Texas, and several in Mexico.

**DISCUSSION**

## I.    Legal Standard

The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56. A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). A fact is material if it 'might affect the outcome of the suit.' *Id.*

To establish that there is no genuine issue as to any material fact, the movant must either submit evidence that negates the existence of some material element of the non-moving party's claim or defense, or, if the crucial issue is one for which the non-moving party will bear the burden of proof at trial, merely point out that the evidence in the record is insufficient to support an essential element of the non-movant's claim or defense. *Little v. Liquid Air Corp.*, 952 F.2d 841, 847 (5th Cir. 1992), *on reh'g en* banc, 37 F.3d 1069 (5th Cir. 1994) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

Once the movant carries its initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate. *See Fields v. City of S. Hous.*, 922 F.2d 1183, 1187 (5th Cir. 1991). Any "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Rather, the nonmovant must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). The Court will not assume "in the absence of any proof . . .

that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075.

For a court to conclude that there are no genuine issues of material fact, the court must be satisfied that no reasonable trier of fact could have found for the nonmovant. *See Anderson*, 477 U.S. at 248. In making this determination, the court should review all the evidence in the record, giving credence to the evidence favoring the nonmovant as well as the "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that evidence comes from disinterested witnesses." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000). The Court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment, *id.* at 150, and must review all facts in the light most favorable to the nonmoving party. *First Colony Life Ins. Co. v. Sanford*, 555 F.3d 177, 181 (5th Cir. 2009).

## II.    Analysis

Defendant asserts that, as a matter of law, it is entitled to summary judgment because: (1) Plaintiff never claimed in her EEOC charge of discrimination that she was denied any assignments or denied any promotion, (2) she in fact never sought and was never denied a promotion, (3) conduct she complains of that occurred more than 300 days from the date she filed her charge of discrimination[3] is barred, (4) her allegations of hostile work environment or harassment fail because she was not subject to any severe or pervasive conduct because of her sex, sexual orientation or race, (5) Defendant has articulated a legitimate, non-discriminatory

---

[3]    Plaintiff filed her charge of discrimination with the EEOC on April 3, 2019. Accordingly, Defendant argues that any alleged discriminatory conduct occurring before June 7, 2018, is barred. "Title VII requires a plaintiff to file an administrative charge no later than 300 days 'after the alleged unlawful employment practice occurred.'" *Olivarez v. T-Mobile USA, Inc.*, No. 20-20463, 2021 WL 1904592, at *3 (5th Cir. May 12, 2021), *opinion withdrawn and superseded*, No. 20-20463, 2021 WL 1945680 (5th Cir. May 14, 2021). Claims brought under the Texas Labor Code must be brought within 180 days—in this case, by October 5, 2018. *See Hinkley v. Envoy Air, Inc.*, 968 F.3d 544, 553 (5th Cir. 2020) (complaint under Texas Labor Code must be filed not later than the 180th day after the date the alleged unlawful employment practice occurred).

reason for Plaintiff's discharge from employment, and (6) there is no evidence of any causal connection between any protected activity and any adverse employment action to establish a claim of retaliation.

### A.    Race and Sex Discrimination Claim – Wrongful Discharge

Under Title VII, a plaintiff "has the initial burden to establish a prima facie case of discrimination—she must produce evidence that she (1) is a member of a protected class, (2) was qualified for the position that she held, (3) was subject to an adverse employment action, and (4) was replaced by someone outside of her protected class or treated less favorably than other similarity-situated employees who were not in her protected class. The prima facie case, once established, creates a presumption of discrimination and the burden then shifts to the [defendant] to articulate a legitimate, non-discriminatory reason for the adverse employment action. If the [defendant] is able to articulate a legitimate, non-discriminatory reason for the termination, the burden shifts back to [plaintiff] to 'demonstrate that the employer's proffered reason is a pretext for discrimination.'" *Harville v. City of Houston, Mississippi*, 935 F.3d 404, 409–10 (5th Cir.), opinion withdrawn and superseded on reh'g, 945 F.3d 870 (5th Cir. 2019).

Plaintiff's response to the motion for summary judgment essentially boils down to the following:

(1)    Plaintiff complained about the pilot's comments to the company in 2017, and, after an investigation, the pilot was reprimanded but was nevertheless allowed to continue to fly for the company;

(2)    At some unspecified times, Plaintiff's supervisor stated that she was "overly aggressive," "an "alarmist," and "rubbed people the wrong way." Plaintiff subjectively interpreted these remarks as direction that she needed to act more feminine and be more deferential to men;

(3)    At some unspecified times, Plaintiff complained that unqualified male employees were being promoted to a similar position she held;

(4)     In 2017, Plaintiff was excluded from meetings and projects; and

(5)     Plaintiff was the only IT employee discharged in the 2019 reorganization, and Plaintiff asserts that Jim Harnett, a male IT employee, was lesser qualified but retained.

That said, in her response, Plaintiff tenders no evidence to support much of the above and wholly bases her response on her subjective belief that she was wrongfully discharged because of her race (Hispanic) and sex, that Defendant's "reorganization" defense was pretextual, and that she was retaliated against because, four months before her termination, she complained that being required to apologize to a Chilean vendor who accused her of being rude was sex discrimination.[4]

The Court concludes that Plaintiff has established a *prima facie* case of wrongful termination under Title VII. It is undisputed that Plaintiff is a member of the relevant protected sex and racial classes and that she was qualified for her position in the IT department, and her termination from CBI clearly constitutes an adverse employment action. Finally, Plaintiff has proffered evidence showing that she was treated less favorably than Jim Hartnett, a similarlysituated employee outside of the protected classes. Accordingly, the burden shifts to the employer to establish a legitimate, non-discriminatory reason for the termination.

Defendant has established that by mid-2018, Plaintiff's manager, Maria Brozost, had become aware that the CBI's IT operations were going to be restructured and in response she created a plan for the elimination of one of the four positions that reported to her. *See* ECF No. 25-5, Brozost Aff. at 5. Brozost selected Plaintiff for the termination "because much of the need for that position had been or was in the process of being finished due to the new breweries in Mexico coming online, and the remaining tasks of the position could easily be absorbed by other

---

[4]     Plaintiff also appears to assert that all her other 2017 and 2018 complaints must have been also taken in account by the Defendant in its decision to terminate her employment.

current employees or vendors." *Id.* Further, Brozost asserts that she did not select Mr. Hartnett's position for elimination because his "job was more globally focused." *Id.* Brozost further states that some of Plaintiff's tasks were no longer being done at all, other tasks were already being done by other employees, and that Plaintiff's position has not been refilled since it was eliminated. *Id.* at 6. Finally, Brozost declares that she did not have any other open positions that Plaintiff was qualified to assume, and that she did not have the authority to transfer Plaintiff to any open positions on another manager's team, even if she had known of any such positions. *Id.*

Other than subjective belief and conclusory statements[5], Plaintiff tenders no evidence that Defendant's proffered reason for her discharge is a pretext for either sex, sexual orientation or race discrimination. First, she argues that Defendant has posited inconsistent reasons for her discharge and that this alone serves as a basis to deny summary judgment.[6] However, Plaintiff fails to establish that any inconsistency exists in this case. CBI has consistently explained that Plaintiff's position was terminated in a reorganization. The fact that previous discussions were had regarding whether Plaintiff was difficult to work with has never been advanced as the reason for her discharge.[7]

Further, Plaintiff asserts that other male employees received promotions to the same level as her in the past, and that ultimately caused her to compete with them in the reorganization decision-making. But she has failed to tender any competent summary judgment evidence to

---

[5]     Subjective belief of discrimination, however genuine, and conclusory statements cannot be the basis of judicial relief. *See Jones v. Gulf Coast Rest. Grp., Inc.*, No. 21-60052, 2021 WL 3465000, at *4 (5th Cir. Aug. 6, 2021).

[6]     Inconsistency in reasons given for an employee's discharge could suggest pretext. *See Hamilton v. AVPM Corp.*, 593 F. App'x 314, 322 (5th Cir. 2014).

[7]     Plaintiff appears to argue that CBI failed to take adequate steps to place her in another job in the company and the decision to discharge her was unfair. "Title VII does not protect an employee against unfair employment decisions; instead, it protects against employment decisions based upon discriminatory animus." *Jones v. Overnite Transp. Co.*, 212 F. App'x 268, 275 (5th Cir. 2006).

establish that the White, male comparator was lesser qualified than her.[8] Plaintiff relies solely upon her complaints of alleged comments made years prior to her discharge and an attachment of 294 pages to her response that contains largely irrelevant material and, in some instances, personal information (financial and social security information) that should have been redacted prior to filing. [9] Defendant's motion for summary judgment on the race and sex discrimination claims is GRANTED.[10]

### B.    Retaliation Claim

To establish a prima facie case of retaliation under Title VII, a plaintiff must show that (1) she engaged in a Title VII protected activity; (2) she was subject to an adverse employment action; and (3) there was a but-for causal connection between her employment in the protected activity and the adverse employment action. *Harville v. City of Houston, Miss.*, 945 F.3d 870, 879 (5th Cir. 2019). To establish causality, the protected activity and the adverse action must have "very close" temporal proximity, and "a five month lapse is not close enough . . . to establish the causal connection element of a prima facie case of retaliation." *Newbury v. City of Windcrest, Tex.*, 991 F.3d 672, 679 (5th Cir. 2021).

Plaintiff's retaliation claim fails as a matter of law because there is no evidence that she engaged in any timely protected activities. "Protected activity" is defined as opposition to any

---

[8]    The Court notes that Mr. Hartnett was a long-term employee with CBI, with over 25 years tenure.

[9]    *See* ECF No. 31-1. The Court has subsequently sealed the attachment to the response.

[10]    To the extent that Plaintiff complains of sex and race discrimination regarding any other adverse employment actions, they are either waived for inadequate briefing or fail for lack of competent summary judgment evidence. Judges are not required to scour the record in search of evidence to support a plaintiff's claim. *Outley v. Luke & Assocs., Inc.*, 840 F.3d 212, 217 (5th Cir. 2016). Likewise, Plaintiff wholly fails to brief or tender any competent summary judgment evidence that she was subjected to a hostile work environment. Rather, Plaintiff appears to assert that her disagreements with other males being promoted, her untimely complaints that she was excluded from certain projects, and her untimely complaints regarding the company pilot's comments suffice. The Court disagrees. "To affect a term, condition, or privilege of employment, the harassment must be sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment. The alleged conduct must be objectively and subjectively hostile or abusive." *West v. City of Houston, Texas*, 960 F.3d 736, 741–42 (5th Cir. 2020) (internal citation omitted).

practice made unlawful by Title VII, including making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII. *Green v. Administrators of Tulane Educ. Fund*, 284 F.3d 642, 657 (5th Cir. 2002), *as amended on denial of reh'g and reh'g en banc* (Apr. 26, 2002) (citing 42 U.S.C. § 2000e–3(a)). In one instance, Plaintiff was required to apologize to a Chilean vendor who claimed that she was rude during a site assessment in 2018. Although Plaintiff objected to giving the apology, she testified in her deposition that she told Brozost that she did not want to apologize "because [she] didn't do anything wrong," ECF No. 31-1 at 27, Olivarez Dep. Tr. 134:17–18, not because the apology constituted "a practice made unlawful by Title VII." *Green*, 284 F.3d at 657. Moreover, assuming *arguendo* that her disagreement with the directive to apologize constituted a protected activity, Plaintiff offers only her subjective belief and conclusory statements that her objection played a role in the decision to terminate her employment.[11] Subjective belief of discrimination, however genuine, and conclusory statements cannot be the basis of judicial relief. *See Jones*, 2021 WL 3465000, at *4. Accordingly, summary judgment is GRANTED on this claim as well.

## CONCLUSION

For the reasons herein, Defendant's motion for summary judgment (ECF No. 25) is **GRANTED**. Plaintiff shall take nothing by her claims and her claims are dismissed with prejudice. Defendant is awarded costs and may file a bill of costs pursuant to the local rules. A final judgment pursuant to Rule 58 will follow.

It is so **ORDERED**.

---

[11]    Plaintiff articulates no argument that she engaged in any timely protected activity regarding her race or sexual orientation.

**SIGNED** this 20th day of August, 2021.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE